UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
**ANTONIO BRUNO, SR.**,

              Petitioner,

        **- against -**

**R. COVENY**,

              Respondent.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**
18-CV-1522 (AMD)

**ANN M. DONNELLY**, United States District Judge:

On March 8, 2018, the *pro se* petitioner, currently incarcerated at the Wende Correctional Facility, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He seeks to supplement his petition with medical records (ECF No. 27), and asks to inspect the minutes of the grand jury proceeding that led to his indictment (ECF No. 28). He also moves to stay proceedings so that he can exhaust his state court remedies on a new claim that there were errors in the trial court's jury instructions. (ECF Nos. 30, 33.)[1] For the reasons that follow, the petitioner's motion to supplement his petition with medical records is granted. The petitioner's motions for discovery of grand jury minutes and a stay of proceedings is denied. The claims raised in the petitioner's original petition (ECF No. 1) are under review.

**DISCUSSION**

The petitioner was convicted after a jury trial of Manslaughter in the First Degree (N.Y. Penal Law § 125.20[1]), and sentenced as a second violent felony offender to a determinate prison term of twenty-two years and five years' post-release supervision. (ECF No. 7 ¶¶ 6, 7.)

---

[1] I interpret the petitioner's motion to raise the "strongest arguments that [it] suggest[s]," as I must do for *pro se* litigants. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

After multiple unsuccessful challenges to his conviction in state court,[2] the petitioner brought this action seeking habeas relief, claiming evidentiary errors, insufficient evidence, excessive sentence, and ineffective assistance of trial and appellate counsel. (ECF No. 1.) The State opposed the petition on May 28, 2018 (ECF No. 7), and the petitioner replied on September 11, 2018 (ECF No. 13).

The petitioner subsequently made multiple post-petition motions. He seeks to supplement his petition with medical records that he says support his ineffective assistance of counsel claim. (ECF No. 27.) He also asks to inspect the grand jury minutes; he argues that the prosecutor introduced inadmissible evidence and gave improper instructions to the grand jury. (ECF No. 28 at 2-3.)[3] Most recently, the petitioner moves to stay habeas proceedings so that he can exhaust his state court remedies on a new claim—that the trial court did not explain "all the charges of the justification" or "deliver [a] proper charge on reasonable doubt . . . ." (ECF No. 30 at 1; *see also* ECF No. 33.)

## I. Supplemental Medical Records

The petitioner's motion to supplement his petition with medical records in support of his ineffective assistance of counsel claim is granted. Amendment of a habeas petition is permissible if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *see* 28 U.S.C. § 2242 (an application for habeas corpus "may be amended or

---

[2] The petitioner made various state challenges to his conviction, including a direct appeal (ECF No. 7 ¶ 10), three motions for a writ of error coram nobis (*id.* ¶¶ 16, 20, 23), and a motion to set aside the sentence pursuant to New York Criminal Procedure Law § 440.20 (*id.* ¶ 26). All were denied.

[3] The petitioner moved in the state court for access to the grand jury minutes (ECF No. 21), but has not given the Court an update except to say that the State "continues to fail, to provide, or make available" the minutes for inspection. (ECF No. 28 at 2.)

supplemented as provided in the rules of procedure applicable to civil actions"). "[T]he pertinent inquiry" in determining whether the claim arises out of the same conduct or occurrence "is whether the original complaint gave the defendant fair notice of the newly alleged claims." *Fama v. Comm'r of Corr. Srvs.*, 235 F.3d 804, 815 (2d Cir. 2000) (citation and alteration omitted). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005); *see also Gibson v. Artus*, 407 F. App'x 517, 519 (2d Cir. 2010) (summary order) ("[C]laims in an amended petition [are limited] to those that arose from the same core facts alleged in the original petition, not those related generally to petitioner's trial, conviction, or sentence.") (citation omitted).

In his original petition, the petitioner argued that his trial counsel "rendered ineffective assistance when he failed to introduce [the petitioner's] medical records into evidence for the jury's consideration to corroborate [the] justification [defense]." (ECF No. 1 at 3.) The medical records that he has given the Court are the basis for the claim. (ECF No. 27 at 1.) Accordingly, the Court will consider the additional records in deciding his petition.[4]

## II. Access to Grand Jury Minutes

The petitioner's request for access to the grand jury minutes is denied. As a general matter, "[g]rand jury proceedings are secret" under New York law, N.Y. Crim. Proc. Law § 190.25(4) (McKinney 2014), and a petitioner must demonstrate a "particularized need" for disclosure of the minutes. *Anilao v. Spota*, 918 F. Supp. 2d 157, 173 n.5 (E.D.N.Y. 2013)

---

[4] The petitioner also seeks permission to submit a "traverse to return on new issues [he has] found on the record." (ECF No. 23.) The petitioner does not identify the issues he seeks to raise, nor does he explain why he did not do so earlier. Accordingly, his request is denied.

(citation omitted). The petitioner speculates that the prosecutors improperly presented prejudicial evidence and failed to instruct the grand jury properly. (ECF No. 28 at 2-3.) Mere "speculation" about misconduct, however, "does not justify unsealing grand jury materials." *United States v. Blondet*, No. 16-CR-387, 2019 WL 5690711, at *4 (S.D.N.Y. Nov. 4, 2019) (citations omitted) (in the context of a federal prosecution).[5]

In any event, any new claim based on the grand jury proceeding is time-barred, 28 U.S.C. § 2244(d)(1), and meritless. Claims of error in grand jury proceedings, including allegations of prejudicial or insufficient evidence, are not cognizable in federal habeas corpus proceedings where the petitioner has been convicted by a petit jury. *See United States v. Mechanik*, 475 U.S. 66, 73 (1986) ("[T]he societal costs of retrial after a jury verdict of guilty are far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings."); *see also Lopez v. Riley*, 865 F.2d 30, 32-33 (2d Cir. 1989) ("Each of these alleged improprieties was cured in the trial before the petit jury, which convicted . . . . [T]herefore, error before the grand jury, if any, was harmless."). Accordingly, the petitioner is not entitled to a review of grand jury minutes.

## III. Motion to Stay

The petitioner moves to stay the proceedings so that he can exhaust his state court remedies on a claim about the trial judge's final instructions to the jury. That motion is denied. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), petitioners seeking habeas relief from state court convictions have one year to bring

---

[5] The record demonstrates that the petitioner's attorney had grand jury testimony, to which he referred during the pretrial hearing. (*See, e.g.*, ECF No. 7-1 at 56, 57.) Moreover, judges in New York routinely review grand jury minutes for legal sufficiency.

4

their claims. The one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(a). Because the petitioner seeks to bring his claim more than a year after the final state court judgment, the claim is untimely. Since the petitioner is *pro se*, I give his motion the most liberal construction, and assume that he means to argue both that the statute of limitations should be equitably tolled, and that his claim about the jury instructions relates back to his original claims. Neither of these arguments are convincing.

"Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances," but should be "applie[d] only in . . . 'rare and exceptional circumstance[s].'" *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (internal citations omitted). A court may toll the one-year statute of limitations if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citations omitted). There must be a "link of causation [that] . . . the extraordinary circumstances . . . prevent[ed] timely filing." *Valverde*, 224 F.3d at 134; *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) ("[I]t is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline.") (citation omitted).

The petitioner's case is not one of the rare cases in which equitable tolling is appropriate. Even assuming that the petitioner pursued his habeas petition diligently and that some extraordinary circumstance prevented him from making a timely filing, he has not established, as he must, that he was prevented from making his claim about the jury instructions. The petitioner

their claims. The one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(a). Because the petitioner seeks to bring his claim more than a year after the final state court judgment, the claim is untimely. Since the petitioner is *pro se*, I give his motion the most liberal construction, and assume that he means to argue both that the statute of limitations should be equitably tolled, and that his claim about the jury instructions relates back to his original claims. Neither of these arguments are convincing.

"Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances," but should be "applie[d] only in . . . 'rare and exceptional circumstance[s].'" *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (internal citations omitted). A court may toll the one-year statute of limitations if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citations omitted). There must be a "link of causation [that] . . . the extraordinary circumstances . . . prevent[ed] timely filing." *Valverde*, 224 F.3d at 134; *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) ("[I]t is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline.") (citation omitted).

The petitioner's case is not one of the rare cases in which equitable tolling is appropriate. Even assuming that the petitioner pursued his habeas petition diligently and that some extraordinary circumstance prevented him from making a timely filing, he has not established, as he must, that he was prevented from making his claim about the jury instructions. The petitioner

heard the court's jury instructions at the trial, and could have exhausted any claim about them, and added it to his 2018 habeas petition. Accordingly, equitable tolling does not apply here.

Nor has the petitioner established that he should be permitted to bring these claims by amending his original petition. The original habeas petition totals nearly 100 pages, and includes multiple claims and sub-claims. (ECF No. 1.) Nowhere does it mention the trial court's instructions on justification or reasonable doubt. Because the original petition does not give fair notice to the respondent that the petitioner would challenge the jury instructions, the petitioner's motion to amend is denied.

## CONCLUSION

The petitioner's motion for leave to supplement his petition with medical records is granted. His motions for inspection of the grand jury minutes and a stay of proceedings are denied.

**SO ORDERED.**

                                                                                s/Ann M. Donnelly
                                                                 Ann M. Donnelly
                                                                 United States District Judge

Dated: Brooklyn, New York
       April 9, 2020